

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

#20009R01167             *271 Cadman Plaza East*
*Brooklyn, New York 11201*

January 26, 2012

**BY ECF**

Honorable Eric N. Vitaliano
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

            Re:    United States v. Jerome Caramelli
                   Criminal Docket No. 10-CR-010

Dear Judge Vitaliano:

     Enclosed please find a proposed Order of Forfeiture. The government respectfully requests that the Court "so order" the enclosed. Please attach Order as part of the Judgment.

     Thank you for Your Honor's consideration of this submission.

                                     Respectfully submitted,

                                     LORETTA E. LYNCH
                                     United States Attorney
                                     Eastern District of New York

                  By:          /s/
                                     Karen R. Hennigan
                                     Special Assistant U.S. Attorney
                                     (718) 254-6254

Enclosure

SLR:CPK:KRH
F.#2008R01167

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

JEROME CARAMELLI,

        Defendant.

- - - - - - - - - - - - - - - - -X

ORDER OF FORFEITURE

10-CR-0010 (S-5) (ENV)

        WHEREAS, on January 10, 2011, the defendant, JEROME CARAMELLI, entered a plea of guilty to Counts Ten and Eleven in the above captioned indictment, charging violations of 18 U.S.C. § 1955 and 18 U.S.C. § 894(a)(1), respectively, and

        WHEREAS, the defendant has consented to the entry of a forfeiture money judgment in the amount of seven thousand dollars ($7,000.00) in United States currency (the "Forfeiture Money Judgment") pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, as property which constitutes or is derived from proceeds traceable to the defendant's violation of 18 U.S.C. § 1955, and/or as substitute assets, pursuant to 21 U.S.C. § 853(p);

2

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the defendant as follows:

1. The defendant shall forfeit to the United States the full amount of the Forfeiture Money Judgment, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461, and 21 U.S.C. § 853 as property that constitutes, or is derived from proceeds traceable to the defendant's violations of 18 U.S.C. § 1955 and 18 U.S.C. § 894(a)(1), and/or substitute assets.

2. All payments made towards the Forfeiture Money Judgment shall be made by certified or bank check, payable to "United States Marshals Service." The defendant shall cause said check[s] to be sent by overnight mail to Special Assistant United States Attorney Karen Hennigan, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201, with the criminal docket number noted on the face of the check. The Forfeiture Money Judgement shall be paid no later than thirty (30) days in advance of the date of the defendant's sentencing ("Final Due Date"). If the Forfeiture Money Judgment is not paid in full or on before the Final Due Date, interest on the Forfeiture Money Judgment shall accrue on any unpaid portion thereof at the judgment rate of interest from that date.

3

3. If the Forfeiture Money Judgment is not received as provided above, the defendant shall forfeit any other property up to the amount of the Forfeiture Money Judgment, pursuant to 21 U.S.C. § 853(p), the Federal Debt Collection Procedure Act, or any other applicable law. The defendant shall fully assist the government in effectuating the payment of the Forfeiture Money Judgment. The defendant shall not file or interpose any claim or assist others to file or interpose any claim to any property against which the government seeks to execute the Forfeiture Money Judgment in any administrative or judicial proceeding.

4. The defendant knowingly and voluntarily waives her right to any required notice concerning the forfeiture of the money forfeited hereunder, including notice set forth in an indictment or information. In addition, the defendant knowingly and voluntarily waives her right, if any, to a jury trial on the forfeiture of said money, and waives all constitutional, legal and equitable defenses to the forfeiture of said money, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto clause of the Constitution, the statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines. The forfeiture of the money forfeited hereunder is not to be considered a payment of a fine or restitution or a payment on any

4

income taxes that may be due.  The forfeiture of the money forfeited hereunder is not an admission of the amount of loss for purposes of the calculation of the Sentencing Guidelines or for purposes of the calculation of the amount of restitution.

    5.   Upon entry of this Order, the United States Attorney General or her designee is authorized to conduct any proper discovery in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c).

    6.   The terms contained herein shall be final and binding only upon the Court's "so ordering" of this Order.

    7.   Pursuant to Fed. R. Crim. P. 32.2(b)(4)(a), this Order shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.  This Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

    8.   This Order shall be binding upon the defendant and the successors, administrators, heirs, assignee and transferees of the defendant, and shall survive the bankruptcy of any of them.

    9.   The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Order.

5

10. The Clerk of the Court is directed to send, by inter-office mail, five certified copies of this executed Order to FSA Paralegal Yvette Ramos, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201.

Dated: Brooklyn, New York
       January    , 2012

                                   _____
                                   HONORABLE ERIC N. VITALIANO
                                   UNITED STATES DISTRICT JUDGE